IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAFEAL A. JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 04-069-DRH |
| ) | |
| ST. CLAIR COUNTY JAIL, MEARL J. ) | |
| JUSTUS and T.J. COLLINS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Plaintiff, formerly an inmate in the St. Clair County Jail (hereinafter "the jail"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered. In this case, Plaintiff sets forth a litany of gripes about conditions at the jail; he divides his complaint into 15 separate claims, as summarized and discussed below.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims

---

[1] This case was originally filed jointly by three inmates, which the Court then severed into three individual cases. *See Jackson, et al., v. St. Clair County Jail*, Case No. 03-cv-873-DRH (S.D. Ill., filed Dec. 10, 2003). *See also Jones v. St. Clair County Jail*, Case No. 04-cv-070-DRH (S.D. Ill., filed Jan. 12, 2004); *Wilson v. St. Clair County Jail*, Case No. 04-cv-071-DRH (S.D. Ill., filed Jan. 12, 2004). The Court notes that the individual cases for Wilson and Jones have been closed for failure to prosecute.

>or dismiss the complaint, or any portion of the complaint, if the complaint–
>>(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>>(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

### GENERAL PRINCIPLES:  PRE-TRIAL DETAINEES

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Generally, confinement of pretrial detainees may not be punitive, because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective." *Id.* at 539. *See also Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285 (7th Cir. 1991).

### COUNT 1

Plaintiff's first claim is that the law library at the jail is woefully inadequate. He states that case reporters are outdated, that pages are missing from many of the books, and there are no certified paralegals or jailhouse law clerks employed to assist inmates with their legal matters.

The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts. *Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995); *Jenkins v.*

*Lane*, 977 F.2d 266, 268 (7th Cir. 1992). First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins,* 977 F.2d at 268 (*quoting Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268; *Shango v. Jurich*, 965 F.2d 289, 291 (7th Cir. 1992); *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021 n.2 (7th Cir. 1987). That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation. It does not mean that any delay is a detriment. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 113 S.Ct. 1002 (1993). Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation. *Kincaid,* 969 F.2d at 603.

In this case, Plaintiff has not alleged that he suffered any actual prejudice to any pending litigation due to the perceived inadequacy of the jail's law library. Therefore, he has failed to state a claim upon which relief may be granted, and Count 1 is dismissed from this action without prejudice with leave to amend his complaint to properly plead his case if he has one for this count.

**COUNT 2**

Plaintiff next alleges, generically, that the disciplinary procedures at the jail do not pass constitutional muster.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property"

without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). *See also West v. Atkins*, 487 U.S. 42, 48 (1988). Generally, confinement of pretrial detainees may not be punitive, because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective." *Id.* at 539. *See also Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir. 1991). However,

> a pretrial detainee can be punished for misconduct that occurs while he is awaiting trial in a pretrial confinement status. Notably, the basis for this punishment is not the underlying crime of which he stands accused; rather, this punishment is based upon the detainee's actions while in pretrial confinement.

*Rapier v. Harris*, 172 F.3d 999, 1003 (7th Cir. 1999). The Seventh Circuit has also recognized that, for pretrial detainees, procedural protections are required prior to the imposition of any punishment. *Rapier*, 172 F.3d at 1005; *Whitford v. Boglino*, 63 F.3d 527, 531 n. 4 (7th Cir. 1995) (indicating in dictum that a due process hearing is required). *See generally Wolff v. McDonnell*, 418 U.S. 539 (1974).

In *Wolff*, the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation, or otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-72.

> *Wolff* required that inmates facing disciplinary charges for misconduct be accorded [1] 24 hours' advance written notice of the charges against them; [2] a right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; [3] the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; [4] an impartial tribunal; and [5] a written statement of reasons relied on by the tribunal. 418 U.S. at 563-572.

*Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983).

In this case, Plaintiff does not include any allegations suggesting that he, personally, was ever subjected to any disciplinary proceedings for any charged misconduct, or that he, personally, was deprived of any constitutionally protected liberty interest. Therefore, he has failed to state a claim upon which relief may be granted, and Count 2 is dismissed from this action without prejudice with leave to amend his complaint to properly plead his case if he has one for this count.

**COUNT 3**

Plaintiff alleges that virtually all of the cells at the jail are frequented by roaches and other insects. These insects crawl into beds and showers, roam across tables, and occasionally find their way into meals.

The Constitution does not require the jail to ensure the comfort of each prisoner, but only to provide such necessities as food, medical care, sanitation, and a safe environment. *Rhodes v. Chapman*, 452 U.S. 337, 347- 48 (1981); *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861, 1872 (1979); *compare Thompson v. City of Los Angeles*, 885 F.2d 1439, 1448 (9th Cir. 1989) (failure to provide bed or mattress punishment) and *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985), *cert. denied*, 475 U.S. 1096 (1986) (unsanitary food and sleeping on mattress on floor not punishment). In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

Although the presence of roaches and other insects may be unpleasant, the presence of a few

bugs does not create an excessive risk to his health or safety.  Further, Plaintiff does not allege that he has suffered any harm as the result of these conditions.  Instead, he merely expresses concern over exposure to "potential risks of harm."  However, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. §1997e(e).

Therefore, he has failed to state a claim upon which relief may be granted, and Count 3 is dismissed from this action with prejudice.

**COUNT 4**

Plaintiff alleges that food service workers at the jail, apparently other inmates, often prepare and handle inmates' food without wearing gloves, hairnets or beard guards.  He also alleges that these food service workers are not screened for communicable diseases such as AIDS, HIV, or hepatitis before being assigned to food service.

As with Count 3, Plaintiff does not allege that he has suffered any harm as the result of these conditions.  Although he expresses concern over exposure to "potential risks to [his] health and safety," he has not alleged any physical injury.  *See* 42 U.S.C. § 1997e(e).  Therefore, he has failed to state a claim upon which relief may be granted, and Count 4 is dismissed from this action without prejudice with leave to amend his complaint to properly plead case if he has one for this count.

**COUNT 5A**[2]

Plaintiff alleges that the hair and beard trimmers in the barber shop at the jail are not properly sterilized between uses, thus creating a risk of transmitting HIV or AIDS between inmates.  For the

---

[2] In the complaint, there are two counts labeled "Count V."  For clarification, the Court will designate the claims in ¶¶ 51-60 as Count 5A, and the claim in ¶¶ 61-69 as Count 5B.

reasons discussed above with Count 3 and Count 4, again Plaintiff has failed to state a claim upon which relief may be granted. Therefore, Count 5A is dismissed from this action with prejudice.

### COUNT 5B

Plaintiff alleges that detainees at the jail who are mentally ill do not receive any individual or group therapy to complement their prescribed psychotropic medications.

> A state official violates the due process rights of a pretrial detainee when she acts with deliberate indifference toward the detainee's serious medical needs. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir. 1991); *Salazar v. City of Chicago*, 940 F.2d 233, 239 (7th Cir. 1991). The Seventh Circuit has observed that "deliberate indifference" is simply a synonym for intentional or reckless conduct, and that "reckless" describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred. *Brownell*, 950 F.2d at 1290. In this sense, the due process standard is analogous to that utilized in the Eighth Amendment context, where prison officials may be found liable for disregarding a substantial risk to an inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). In both cases, the relevant inquiry is whether the official actually knew about the plaintiff's condition, not whether a reasonable official should have known. Compare *Brownell*, 950 F.2d at 1291 (applying a subjective standard in the Fourteenth Amendment context) with *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970 (applying a subjective standard in the Eighth Amendment context).

*Qian v. Kautz*, 168 F.3d 949, 955-56 (7th Cir. 1999).

The Seventh Circuit has found that "the need for a mental illness to be treated could certainly be considered a serious medical need." *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001); *Wellman v. Faulkner*, 715 F.2d 269 (7th Cir. 1983). However, Plaintiff makes no allegation that he is one of these inmates who does not receive therapy. Further, from the allegations in the complaint it is clear that mentally ill detainees are receiving some treatment in the form of medication; mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).

Therefore, Plaintiff has failed to state a claim upon which relief may be granted, and Count 5B is dismissed from this action with prejudice.

## COUNT 6

Plaintiff alleges that Defendants have failed to implement a "certified detainee grievance procedure" at the jail, thus depriving detainees of the ability to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). However, the Constitution requires no procedure at all, and the failure of Defendants to implement a certified grievance procedure does not, of itself, violate the Constitution. *See, e.g., Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Therefore, Plaintiff has not presented a viable constitutional claim, and Count 6 is dismissed from this action with prejudice.

## COUNT 7

Plaintiff alleges that detainees are separated by race in the jail's cell blocks, in violation of the Fourteenth Amendment. He specifically alleges that several cell blocks are designated as "black detainee only" cell blocks.

The law is clear that "racial segregation, which is unconstitutional outside prisons, is unconstitutional within prisons, save for the necessity of prison security and discipline." *Cruz v. Beto*, 405 U.S. 319, 321 (1972). *See also Lee v. Washington*, 390 U.S. 333 (1960); *Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989). Therefore, based on the allegations in the complaint, the Court is unable to dismiss Count 7 at this point in the litigation. *See* 28 U.S.C. § 1915A.

## COUNT 8

Plaintiff alleges that some types of inmates are routinely denied placement in protective custody status. He specifically states that placement in protective custody is sometimes denied due

to the criminal charges pending against a detainee, or because of his physical characteristics.

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Luttrell v. Nickel,* 129 F.3d 933, 935 (7th Cir. 1997). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.; Reed v. McBride,* 178 F.3d 849, 852 (7th Cir. 1999). A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996).

In this case, Plaintiff makes no allegations that he, personally, was ever denied protective custody placement, or that he, personally, ever sought protective custody, or even that there was any specific threat to his safety that might require such a placement. Therefore, he has failed to state a claim upon which relief may be granted, and Count 8 is dismissed from this action without prejudice with leave to amend his complaint to properly plead his case if he has one for this count.

## COUNT 9

Plaintiff alleges that there are no video surveillance cameras in the jail to monitor cells and walkways, despite the fact that most fights or assaults occur in these areas. The Court is unaware of any constitutional provision requiring surveillance cameras, and therefore Plaintiff has not presented a claim upon which relief may be granted. Therefore, Count 9 is dismissed from this

action with prejudice.

**COUNT 10**

Plaintiff alleges that most of the cells do not have running hot water. For the reasons discussed above with Count 3, Count 4 and Count 5A, Plaintiff has failed to state a claim upon which relief may be granted. Therefore, Count 10 is dismissed from this action with prejudice.

**COUNT 11**

Plaintiff alleges that Defendants do not allow religious leaders from the Muslim and Moorish faiths to conduct religious services at the jail. Therefore, he is unable to attend Islam religious services, although detainees of other faiths are provided with opportunities to attend religious services.

It is well-established that "a prisoner is entitled to practice his religion insofar as doing so does not unduly burden the administration of the prison." *Hunafa v. Murphy,* 907 F.2d 46, 47 (7th Cir. 1990); *see Al-Alamin v. Gramley,* 926 F.2d 680, 686 and nn. 3-5 (7th Cir. 1991) (collecting cases). On the other hand, a prison regulation that impinges on an inmate's First Amendment rights is nevertheless valid "if it is reasonably related to legitimate penological interests." *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 349 (1987) (quoting *Turner v. Safley,* 482 U.S. 78, 89 (1987)).

Applying these standards to the allegations in the complaint, the Court is unable to dismiss Count 11 at this point in the litigation. *See* 28 U.S.C. § 1915A.

**COUNT 12**

Plaintiff alleges that detainees at the jail are not allowed outdoor recreation, despite the availability of a secured outdoor recreation area at the jail.

> In recent years we have not only acknowledged that a lack of exercise can rise to a constitutional violation, *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1986), but

> have concluded that "exercise is now regarded in many quarters as an indispensable component of preventive medicine." *Anderson v. Romero*, 72 F.3d 518, 528 (7th Cir. 1995). Given current norms, exercise is no longer considered an optional form of recreation, but is instead a necessary requirement for physical and mental well-being.
>
> Although we have recognized the value of exercise and its medicinal effects, we have also consistently held that short-term denials of exercise may be inevitable in the prison context and are not so detrimental as to constitute a constitutional deprivation. *Thomas v. Ramos*, 130 F.3d 754, 764 (7th Cir. 1997) (70-day denial permissible); *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988) (28 day denial not deprivation); *Shelby County Jail Inmates v. Westlake*, 798 F.2d 1085, 1089 (7th Cir. 1986) (limited recreational activities sufficient, where average prison stay was 10 days or less); *Caldwell v. Miller*, 790 F.2d 589, 601 (7th Cir. 1986) (no deprivation where exercise was denied for 30 days, but then allowed one hour indoor exercise for next 6 months); *but see Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996) (viable constitutional claim where prisoner denied recreational opportunities for 7 weeks); *Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (1989) (reversing summary judgment for prison officials where segregated prisoner denied exercise for 101 days).

*Delaney v. DeTella*, 256 F.3d 679, 683-84 (7th Cir. 2001). Based on these standards, the Court is unable to dismiss Count 12 at this point in the litigation. *See* 28 U.S.C. § 1915A.

## COUNT 13

Plaintiff alleges that in some cell blocks, the noise level is "excessive and unbearable." A few hours of periodic loud noises does not implicate a constitutional violation. *See Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994). However, infliction of incessant noise, even if it causes only agony and not enduring injury, may be a due process violation. *See Williams v. Boles*, 841 F.2d 181, 183 (7th Cir. 1988); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1433 (7th Cir. 1996). In this case, Plaintiff alleges that the noise in his cell block persists "throughout the day and night" from other inmates who are literally kicking and screaming in their cells, yet Defendants take no action to correct this situation.

Based on the allegations in the complaint, the Court is unable to dismiss Count 13 at this

point in the litigation. *See* 28 U.S.C. § 1915A.

## COUNT 14

Plaintiff alleges that paint is peeling off the walls in the jail showers, thus potentially exposing detainees to lead poisoning. For the reasons discussed above with Count 3, Count 4, Count 5A and Count 10, Plaintiff has failed to state a claim upon which relief may be granted. Therefore, Count 14 is dismissed from this action with prejudice.

## PENDING MOTIONS

Three motions are currently pending in this action. First is Plaintiff's motion for service (Doc. 10); this motion also seeks a ruling on his request for counsel. There is no request for appointment of counsel filed in this matter, and service shall be directed as part of this order. Therefore this motion is **MOOT**.

Plaintiff's second motion (Doc. 11) seeks a status report on this case, while his third motion (Doc. 12) seeks a ruling on all pending motions. Each of these motions is also **MOOT**.

## DISPOSITION

**IT IS HEREBY ORDERED** that **COUNT 1, COUNT 2, COUNT 4,** and **COUNT 8** are **DISMISSED** from this action **WITHOUT PREJUDICE WITH LEAVE TO AMEND.** Plaintiff has forty-five (45) days to amend his complaint regarding said counts.

**IT IS HEREBY ORDERED** that **COUNT 3, COUNT 5A, COUNT 5B, COUNT 6, COUNT 9, COUNT 10** and **COUNT 14** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendants **ST. CLAIR COUNTY JAIL, MEARL JUSTUS** and **T.J. COLLINS** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is

**DIRECTED** to send Plaintiff **THREE (3)** USM-285 forms with Plaintiff's copy of this Memorandum and Order.  **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **ST. CLAIR COUNTY JAIL, MEARL JUSTUS** and **T.J. COLLINS**.  The Clerk shall forward those forms, USM-285 forms submitted by the Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **ST. CLAIR COUNTY JAIL, MEARL JUSTUS** and **T.J. COLLINS** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of St. Clair County Jail who no longer can be found at the work address provided by Plaintiff, the County shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from the County pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate

Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:   August 2, 2005**


/s/   David RHerndon
  **DISTRICT JUDGE**