IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAFEAL ARLANDOS JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Case No.   04-69-DRH |
| ) | |
| ST. CLAIR COUNTY JAIL, ET AL., ) ) ) | |
| ) | |
| Defendants. | |

## ORDER

**FRAZIER, Magistrate Judge:**

Before the Court are pending motions. The first item considered is plaintiff's motion for leave to amend out of time. The rule governing amendments to the complaint demands that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). District courts need not afford an opportunity to amend if it finds that amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Moore v. State of Ind.*, 999 F.2d 1125, 1128 (7th Cir.1993). Amendment is futile if the proposed pleading fails to state a claim upon which relief could be granted. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

The motion (Doc. No. 17) is GRANTED in part and DENIED in part, as set forth below. The Clerk is DIRECTED to file the proposed First Amended Complaint. Defendants' response is due by January 9, 2006.

Leave is GRANTED to add, amend and/or reinstate the following claims. The racial discrimination in housing assignment claim (formerly Count VII) is now Count I. The claim of a deprivation of free exercise of religious beliefs (formerly Count XI) is now Count II. The claim of

deprivation of outside recreation (formerly Count XII) is now Count III. The claim of excessive noise (formerly Count XIII) is now Count IV. The claim regarding unsanitary conditions (formerly Count IV) is now Count VI, and the deprivation of access to the courts claim (formerly Count I) is now Count VII.

Leave to add or reinstate the following claims is DENIED on the basis that amendment is futile:

Deprivation of First Amendment Freedom of Association. Along with the equal protection and due process claims asserted in Count I, plaintiff seeks to add a claim that he was deprived of his First Amendment freedom of association when he was separated from other detainees at the St. Clair County Jail. This Court will apply a "reasonable relationship" test to deprivations of rights that are not inconsistent with proper incarceration. *Johnson v. California*, 543 U.S. 499 (2005). In *Overton v. Bazzetta*, 539 U.S.126 (2003), the Supreme Court found that some curtailment of freedom of association is to be expected in prison. In that case, the Court upheld a regulation restricting non-contact visitation on the basis that the restrictions were reasonably related to legitimate penological interests. Similarly, some restriction on plaintiff's freedom to associate with other pretrial detainees is consistent with his status as a pretrial detainee and reasonably relates to legitimate governmental objectives for pretrial confinement. Hence, allegations that plaintiff was separated from some of the other detainees at the St. Clair County Jail do not describe a First Amendment deprivation.

Count V - Disciplinary Proceedings. In proposed Count V, plaintiff alleges that he was subjected to inadequate disciplinary proceedings on ten occasions. Without receiving advanced notice of the accusations against him, he lost privileges and was assigned to maximum security disciplinary segregation status. This claim was previously dismissed without prejudice.

Pretrial detainees subjected to disciplinary punishment are entitled to due process. However,

the allegations in proposed Count V show that plaintiff received all of the process due. Specifically, plaintiff was notified of the alleged rule violation and received an opportunity to be heard *before* disciplinary sanctions were imposed. Applied in this context, the Due Process Clause does not require advanced, detailed notice. *See Holly v. Woolfolk*, 415 F.3d 678, (7th Cir. 2005)(a segregated pretrial detainee's due process rights are satisfied by a post-deprivation hearing).

<u>Other Pretrial Detainees</u>. Because plaintiff lacks standing to represent other individuals, he may not bring claims on their behalf.

- - - - - - - - - - -

Also pending is plaintiff's motion for appointment of counsel (Doc. No. 18). The Court will not consider appointing counsel until plaintiff makes a reasonable, unsuccessful effort to retain counsel or shows that he is effectively precluded from making such an effort. *Jackson v. County of Maclean*, 953 F.2d 1070, 1072-1073 (7th Cir. 1992). At this time, the record indicates that plaintiff asked one attorney to agree to represent a class of individuals. Because this is not a reasonable effort to retain counsel on the claims in this case, this motion (Doc. No. 18) is premature and DENIED.

Plaintiff's request for entry of default (Doc. No. 21) is DENIED. The defendants responded to the only pleading on file. They had no obligation to serve their response to the First Amended Complaint until the Court allowed plaintiff's motion for leave to file that pleading.

**SO ORDERED:** <u>    December 28, 2005    </u>.

<u> s/Philip M. Frazier            </u>
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**